**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL A. HOLLEY, | ) | |
| | ) | CASE NO.   3:09-cv-2626 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant. | ) | |

This case is before the magistrate judge by consent.  Plaintiff, Michael A. Holley

("Holley"), challenges the final decision of the Commissioner of Social Security, Michael

J. Astrue ("Commissioner"), denying Holley's applications for a period of Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i),

and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act

("Act"), 42 U.S.C. §§ 423 and 1381(a).  This court has jurisdiction pursuant to 42 U.S.C.

§ 405(g).

For the reasons set forth below, the court AFFIRMS the decision of the

Commissioner and DISMISSES Holley's complaint with prejudice.

I.  Procedural History

Holley applied for DIB and SSI on December 12, 2006 alleging disability as of

May 20, 2005 due to Hepatitis C, osteoarthritis, and right leg pain.  The Commissioner

denied Holley's applications initially and upon reconsideration.  Holley timely requested

an administrative hearing.

Administrative Law Judge J. Alan Mackay ("ALJ") held an administrative hearing on October 6, 2008.  Holley was represented by counsel, and Kathleen A. Beer testified as a vocational expert ("VE").  On December 30, 2008, the ALJ found that Holley was not disabled.  Holley requested a review of the ALJ's decision by the Appeals Council.  When the Appeals Council declined further review on September 11, 2009, the ALJ's decision became the final decision of the Commissioner.

Holley filed an appeal to this court on November 9, 2009.  Holley alleges that the ALJ erred because his determination that Holley was not disabled pursuant to the applicable listings was not supported by substantial evidence.  The Commissioner denies that the ALJ erred.

II.  Evidence

A.    *Personal and Vocational Evidence*

Holley was born on January 22, 1955 and was 53 years old at the time of the ALJ's decision.  He has a GED and past relevant work as a janitor, landscaper, and construction worker.

B.    *Medical Evidence*

Holley has suffered from hepatitis C since 1972.  On November 6, 2006, Holley reported to the emergency room attached to Medical University of Ohio in Toledo, Ohio, complaining of a knee injury.  Transcript ("Tr."), pp. 179-95, 218-234.  Radiographic studies revealed minor degenerative spurring but no acute bone abnormalities.  X-rays also revealed suprapatellar joint effusion and some arterial calcification.  Tr. at 192, 231.

2

On January 8, 2007, Holley reported to the Ann Arbor Healthcare Veterans' Affairs facility complaining of general pain and stiffness in his joints.  Tr. at 316-17. He alleged that he could not work or walk very far due to pain.  Examination revealed mild tenderness to palpation in shoulders, hands, low back, and feet, with a full range of motion in all joints except those in the lower back.  X-rays revealed some loss of lumbar lordosis; mild osteoarthritis in the wrist, hips, and sacroiliar joints; minimal osteoarthritis in the ankles with a right calcaneal spur; and degenerative joint changes in the hands. Tr. at 345-49.  Ultrasound showed underlying liver disease.  Tr. at 344.  An MRI revealed a tear in the posterior horn of the medial meniscus of the right knee.  Tr. at 434.

On March 2007, state agency reviewing physician Dr. Esberdado Villanueva completed a Residual Physical Functional Capacity Assessment of Holley.  Tr. 275-83. Dr. Villanueva noted that Holley suffered from hepatitis C not then active, osteoarthritis without effusions or synovitis, and a meniscal tear in his right knee that he was not in a hurry to treat surgically.  He opined that Holley suffered from mild restrictions in his activities of daily living; mild difficulties in social functioning; and mild difficulties in maintaining concentration, persistence, and pace.  He further opined that Holley could perform light work with only occasional climbing stairs or ramps, kneeling, crawling, balancing, stooping, or crouching.  Dr. Villanueva also opined that Holley should never climb ladders, ropes, and scaffolds and should avoid such hazards as machinery or heights.

On May 3, 2007, an x-ray of Holley's left knee showed prominent vascular calcifications and a small metallic fragment in the soft tissues near the proximal tibia but

3

no significant degenerative changes.  Tr. 432.  Holley also stated that he walked and worked outside a lot.  Tr. at 294.

C.    *Hearing testimony*

   The ALJ held a hearing on October 6, 2008.  Holley testified that he had problems with his knees, ankles, lower back, hips, and wrists and suffered from hepatitis and diabetes.  Tr. 16-34.   He stated that he could walk about half a block then needed to rest for at least five to ten minutes.  If he stood or walked too long, Holley explained, he suffered pain and joint swelling.  He evaluated the pain in his wrists as being an 8 on a 10-point scale and asserted that he could not use them very much.  He also explained that he could not take pain medication because of his hepatitis.  Holley testified that although his sister often helps him with laundry and other household chores, he could do them himself, although this would take longer.  He said that he became tired much more easily than he used to, could probably lift 20 pounds once, and could lift 5 pounds from the floor, but not repeatedly.  Holley testified that he had not had surgery for his torn meniscus because his doctors were hoping that it would heal on its own.  Holley did not believe that he could perform a sedentary job sitting for three hours at a time.

   In his hypothetical to the VE, the ALJ postulated an individual with Holley's age, education, and experience capable of light work but unable to climb a ladder, rope, or scaffold; occasionally able to climb a stair or ramp; occasionally able to stoop, balance, crawl, crouch, or kneel; and equired to avoid concentrated hazards.  The VE testified that such an individual would be able to work as a sales attendant, ticket seller, and counter attendant, plus a number of jobs at the sedentary level.  The ALJ then asked

4

the VE to credit the level of pain and limitations described by Holley and asked if there was a job that a person experiencing such symptoms could perform.  The VE said that there was no job for a person with such limitations.

### III.  Standard for Disability

A claimant is entitled to receive benefits under the Act when he establishes disability within the meaning of the Act.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981).  A claimant is considered disabled when he cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).  To receive SSI benefits, a recipient must also meet certain income and resource limitations.  20 C.F.R. §§ 416.1100 and 416.1201.

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity" at the time he seeks disability benefits. Second,  the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000).  Fourth, if the claimant's impairment does not prevent him from doing her past relevant work, the claimant is not disabled.  For the

5

fifth and final step, even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

## IV.  Summary of Commissioner's Decision

In determining that Holley was not disabled, the ALJ made the following relevant findings:

3.  The claimant has the following severe impairments:  Hepatitis C (5170) and Osteoarthritis (7150).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can never climb ladders, ropes, and scaffolds, and can occasionally climb stairs and ramps.  The claimant can occasionally balance, stoop, crouch, kneel, and crawl, and must avoid concentrated exposure to hazards.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on January 22, 1955, and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

6

national economy that the claimant can perform.

11.    The claimant has not been under a disability, as defined in the Social
       Security Act, from May 20, 2005, through the date of this decision.

Tr. at 10-14.  The ALJ also found that to the extent Holley's allegations of the intensity,

persistent, and limiting effects of his symptoms are inconsistent with the objective

medical evidence, those allegations are not credible.

## V.  Standard of Review

This Court's review is limited to determining whether there is substantial

evidence in the record to support the administrative law judge's findings of fact and

whether the correct legal standards were applied.  *See Elam v. Comm'r of Soc. Sec.*,

348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law

judge's findings and inferences are reasonably drawn from the record or supported by

substantial evidence, even if that evidence could support a contrary decision."); *Kinsella*

*v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been

defined as "[e]vidence which a reasoning mind would accept as sufficient to support a

particular conclusion.  It consists of more than a mere scintilla of evidence but may be

somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

## VI.  Analysis

Holley argues that the ALJ erred because Holley's combination of conditions,

hepatitis C, osteoarthritis, and diabetes, "met or medically equaled the pertinent

regulations."  Brief at 7.  The court construes Holley's argument as asserting that the

symptoms resulting from Holley's hepatitis C, osteoarthritis, and diabetes met or

7

medically equaled a listing in 20 CFR Part 404, Subpart P, Appendix 1.

Holley's argument is somewhat difficult to follow.  With regard to Holley's hepatitis C, Holley notes only that ultrasound revealed a moderately coarsened echo texture and that he takes medication for his condition.  The source that he cites to support his assertion that he must take medication for his hepatitis, Dr. Villanueva, also indicates that this condition is not currently active.  Consequently, its only relevance to the instant case is that Holley's hepatitis prevents him from taking some forms of pain medication.  As regards Holley's diabetes, Holley merely alleges that it compounds his problems due to osteoarthritis by aggravating the swelling in his legs and joints.  Holley offers no evidence to support this assertion.

With regard to Holley's osteoarthritis, Holley's argument consists merely of a recitation of the results of the objective tests recited above and a recitation of Holley's allegations of subjective symptoms.  Holley offers no evidence and no argument that the results of the objective tests are medically sufficient to warrant the severity of symptoms that Holley alleges.  Nor does Holley offer any evidence to overcome the medical opinion of Dr. Villanueva that Holley is capable of light work with limitations.  As the ALJ rested his assessment of Holley's residual functional capacity on Dr. Villanueva's opinion, the failure to demonstrate that this opinion was erroneous is fatal to Holley's case.

Finally, Holley recites the listing at 14.09, inflammatory arthritis and asserts that he meets the listing at 14.09A and 14.09D.  However, listing 14.09 requires the claimant to first meet the criteria described at listing 14.00D6.  Listing 14.00D6(e)(i) requires any claimant seeking disability pursuant to listing 14.09A to demonstrate "extreme (very)

8

serious) limitation."  Listing 14.09D requires marked limitations in activities of daily living or marked limitation in maintaining social functioning.  Dr. Villanueva found that Holley suffered from mild restrictions in his activities of daily living; mild difficulties in social functioning; and mild difficulties in maintaining concentration, persistence, and pace.  He found no marked or extreme limitations in any functional realm.[1]  Holley's argument that he meets or equals the requirements of listing 14.09A or 14.09D, therefore, is not well taken.

The ALJ rested his assessment of Holley's functional capacity upon the opinion of Dr. Villanueva.  Holley presents no medical opinion or other relevant evidence that Dr. Villanueva's opinion was erroneous or that the ALJ erred in relying on it.  Holley has also failed to show that he meets or equals the requirements of any listing in 20 CFR Part 404, Subpart P, Appendix.  Consequently, the ALJ's opinion that Holley was not disabled is supported by substantial evidence in the record.

VII.  Decision

For the reasons set forth above, the court AFFIRMS the opinion of the Commissioner and DISMISSES the case with prejudice.

**IT IS SO ORDERED.**

Date:  November 9, 2010          s/ *Nancy A. Vecchiarelli*
                                 Nancy A. Vecchiarelli
                                 U.S. Magistrate Judge

---

[1]  Holley also recites the Listing at 1.02, major dysfunction of a joint(s) (due to any cause).  He then concedes that he does not meet this listing.

9